UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAURIE ROSS,

       Plaintiff,

v.                                                                                    Case No:  2:15-cv-97-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

## OPINION AND ORDER

Plaintiff Laurie Ross appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB").   For the reasons discussed herein, the decision of the Commissioner is affirmed.

### I.  Issues on Appeal

Plaintiff raises two issues on appeal: (1) whether the Administrative Law Judge ("ALJ") improperly substituted his opinion for that of the medical experts; and (2) whether the ALJ erred when he applied the Medical Vocational Guidelines (the "Grids") to determine that Plaintiff could perform work that exists in significant numbers in the national economy.

### II.  Procedural History and Summary of the ALJ Decision

Plaintiff filed an application for DIB alleging a disability that began on June 30, 2010.   Tr. 80-86.   The Social Security Administration denied her claim initially on January 21, 2011, and upon reconsideration on April 15, 2011.   Tr. 59-61, 66-68.

Plaintiff requested and received a hearing before ALJ Larry J. Butler on August 29, 2012 during which she was represented by an attorney.   Tr. 25-56.   Plaintiff testified at the hearing.

On May 10, 2013, the ALJ issued a decision finding that Plaintiff was not disabled and denied her claim.   Tr. 12-19.   The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act on December 31, 2012. Tr. 14.   At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period of June 30, 2010, the alleged onset date ("AOD"), and December 12, 2012, her date last insured.   *Id.*   At step two, the ALJ determined that Plaintiff had the following severe impairments: atypical angina and gastroesophageal reflux disease ("GERD").   *Id.*   At step three, the ALJ concluded that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."   Tr. 16.

The ALJ then determined that Plaintiff has the residual functional capacity ("RFC") to perform the full range of unskilled light work as defined in 20 C.F.R. 404.1567(b).   Tr. 16.   The ALJ found that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. . . ."   Tr. 16.   The ALJ then found that Plaintiff was unable to perform any past relevant work ("PRW") as a retail cashier, restaurant server or receptionist, but found that there are jobs that exist in

significant numbers in the national economy that the Plaintiff can perform.   Tr. 17-18.   Thus, the ALJ found that Plaintiff was not disabled and denied her claim.   Tr. 18-19.

Following the ALJ's decision, Plaintiff filed a request for review with the Appeals Council, which was denied on December 16, 2014.   Tr. 1-3.   Accordingly, the ALJ's May 10, 2013 decision is the final decision of the Commissioner.   Plaintiff filed an appeal in this Court on February 13, 2015.   Doc. 1.

### III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected either to result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

"The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).   The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the

findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote*, 67 F.3d at 1560 (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).

Accordingly, where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

IV. **Analysis**

A. *Whether the ALJ improperly substituted his opinion for that of the medical experts*

Plaintiff argues that the ALJ improperly asserted his opinion in finding that Plaintiff's mental impairments caused no more than minimal limitations in Plaintiff's ability to perform basic mental work activities, when two state agency consultants found that Plaintiff had moderate limitations in social functioning and concentration,

persistence or pace.   Doc. 20 at 6.   Plaintiff further asserts that the ALJ erred when he gave the opinions of the state agency consultants little weight.   *Id.*   The Commissioner states that the ALJ properly articulated his reasons for assigning the opinions of the state agency consultants little weight, as their opinions were inconsistent with the other record evidence.   Doc. 21 at 6.

When determining how much weight to afford an opinion, the ALJ considers whether there is an examining or treatment relationship and the nature and extent thereof; whether the source offers relevant medical evidence to support the opinion; consistency with the record as a whole; the specialization of the source, if any; and any other factors that tend to support or contradict the opinion.   20 C.F.R. § 404.1527(c)(1)-(6).   Findings of fact made by state agency medical and psychological consultants as to the nature and severity of a claimant's impairments must be treated as expert opinion evidence of nonexamining sources by the ALJ, but the ultimate opinions as to whether a claimant is disabled, the severity of a claimant's impairments, the claimant's RFC and the application of vocational factors are exclusively reserved to the Commissioner.   SSR 96-6p; 20 C.F.R. § 404.1527(d)(1)-(2).   Unless a treating source's opinion is given controlling weight, the ALJ must explain the weight given to the opinions of other consultants, doctors or medical specialists.   20 C.F.R. § 404.1527(e)(2)(ii); *Vuxta v. Comm'r of Soc. Sec.*, 194 Fed. Appx. 874, 877 (11th Cir. 2006).

In the Eleventh Circuit, the law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."

*Winschel v. Comm'r of Soc. Sec.*, 630 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)) (per curiam).   The court reiterated in *Winschel*, "[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."   630 F.3d at 1179 (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).   An ALJ who fails to "state with at least some measure of clarity the grounds for his decision" cannot be affirmed because the court cannot perform its duty to "scrutinize the record as a whole to determine whether the conclusions reached are rational."   630 F.3d at 1179 (citations omitted).

In his decision, the ALJ found that Plaintiff's atypical angina and GERD to be severe impairments.   Tr. 14.   He determined that Plaintiff's major depressive disorder, general anxiety disorder, panic disorder without agoraphobia, and history of alcohol dependence in full sustained remission were non-severe because the impairments did not cause more than minimal limitations in Plaintiff's ability to do basic mental activities.   *Id.*   Specifically, the ALJ considered the "paragraph B" criteria and found that Plaintiff would have mild limitations in activities of daily living, mild limitations in social functioning, mild limitations in concentration, persistence or pace and no episodes of decompensation.   Tr. 15.   In making this finding, the ALJ considered Plaintiff's medical records including the records from Charlotte Behavioral Health Care, Claudia Zsigmond, Psy.D. a licensed psychologist, Dr. Richard Willens and Dr. Carine Samwel, both state agency mental health consultants.   Tr. 15.   Contrary to Plaintiff's assertions, the ALJ properly considered

the opinions of these doctors along with the record as a whole and discounted the weight of the some of the opinions as being inconsistent with the record.   *Id.*

First, the ALJ discussed the records from Charlotte Behavioral Health Care. Tr. 15.   The ALJ acknowledged that Plaintiff had a history of mental health treatment for generalized anxiety disorder and panic disorder.   *Id.*   The ALJ noted, however, that Plaintiff's treatment at Charlotte Behavioral Health Care has been for medication management, and she has not had any significant changes in her symptoms and few objective findings on examination.   *Id.*

For example, the ALJ referenced records from a July 8, 2010 visit to Charlotte Behavioral Health Care.   Tr. 15.   Plaintiff went to Charlotte Behavioral Health Care for medication management because she was feeling more anxious and depressed due to financial stressors since losing her job.   Tr. 297, 303.   Plaintiff reported that she was anxious, overwhelmed, panicked, frustrated, worried and depressed.   Tr. 299.   The records revealed that Plaintiff was clean, alert, appropriately dressed and had good eye contact.   Tr. 15, 298.   The examiner, Billie Jean Cone, a nurse practitioner, also noted that Plaintiff had normal speech, logical thought processes and depressed thought content.   Tr. 300.   Plaintiff's perceptions were normal, and she was oriented to time, place and person.   Tr. 301.   Ms. Cone also indicated that Plaintiff was attentive and had a normal ability to concentrate. *Id.*   Her immediate memory, recent memory and long term memory were good.   *Id.* She had good insight and judgment.   *Id.*   Ms. Cone found, however, that Plaintiff's condition had worsened and adjusted her medication.   Tr. 302-05.   By August 24,

2010, Plaintiff showed mild improvement in her condition.   Tr. 293.   Another visit on October 20, 2010 revealed that Plaintiff again showed mild improvement with her condition.   Tr. 347.   By Plaintiff's November 18, 2010 and March 7, 2011 visits, Plaintiff's condition showed moderate improvement and Ms. Cone continued Plaintiff on her medications.   Tr. 356-59, 445-47.

The ALJ also discussed Plaintiff's May 31, 2012 and July 25, 2012 visits to Charlotte Behavioral Health Care.   Tr. 15.   During the May 31, 2012 visit, Plaintiff reported that she was sleeping better, but she continued to have some stress.   Tr. 586.   She was appropriately dressed, groomed, and had good hygiene.   Tr. 587. The ALJ noted that she also was interactive, pleasant, cooperative and made good eye contact.   Tr. 15, 587.   While the examiner reported that Plaintiff exhibited some difficulty concentrating, had racing thoughts, and was anxious, he still concluded that Plaintiff showed mild improvement.   Tr. 588.   Plaintiff again showed mild improvement during the July 25, 2012 visit.   Tr. 580.   Additionally, the ALJ reported that there was no indication in the record that Plaintiff returned to Charlotte Behavioral Health Center following the July 25, 2012 visit.   Tr. 15.

Next the ALJ discussed the records from Claudia Zsigmond, Psy. D., a licensed psychologist.   Tr. 15.   Dr. Zsigmond performed a general clinical evaluation with mental status on January 4, 2011.   Tr. 406-09.   On examination, Dr. Zsigmond reported that Plaintiff was appropriately dressed and groomed.   Tr. 408.   She also had good basic functioning and hygiene.   *Id.*   Plaintiff was well oriented and did not exhibit any symptoms of psychosis such as hallucinations, delusions or ideas of

reference.   Tr. 407-08.   Dr. Zsigmond found that Plaintiff had good recall of recent and remote events, which suggested that she did not have any long or short term memory impairment.   Tr. 407.   Plaintiff had limited attention and concentration, but she could complete simple math calculations.   *Id.*   Her thought processes were goal-directed, logical and coherent; and there was no evidence of a formal thought disorder.   *Id.*   The ALJ also discussed Dr. Zsigmond's record indicating that Plaintiff has friends and family support.   *Id.*   Dr. Zsigmond found that Plaintiff's activities of daily living are appropriate.   *Id.*   Dr. Zsigmond diagnosed Plaintiff with major depressive disorder, recurrent, moderate, panic disorder without agoraphobia, and alcohol dependence, in sustained full remission.   *Id.*   Dr. Zsigmond recommended that Plaintiff continue appropriate medical care.   *Id.*

Plaintiff argues that the ALJ improperly reduced the weight of the opinion of Dr. Richard Willens, a state agency medical consultant.   Doc. 20 at 6.   Dr. Willens opined that Plaintiff had a moderate limitation in her ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, work in coordination with or proximity to others without being distracted by them, complete a normal workday or workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors and respond appropriately to changes in the work setting.   Tr. 413-14.

Dr. Corine Samwel provided a similar opinion but also found that Plaintiff had a moderate limitation in her ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.   Tr. 450-51.   Plaintiff alleges that the ALJ also improperly discounted the opinion of Dr. Samwel.   Doc. 20 at 6.

The ALJ gave these opinions little weight because he found them to be inconsistent with Plaintiff's treatment records.   Tr. 15.   The ALJ explained that these opinions were "inconsistent with the claimant's mental health treatment for medication management only, her objective mental health findings during her examinations, and Dr. Zsigmond's specific lack of object mental health findings on exam."   *Id.*   The records from Charlotte Behavioral Health Center revealed that Plaintiff had normal attention and concentration.   Tr. 301.   During the visits where Plaintiff exhibited some difficulty concentrating, the examiner still found that Plaintiff showed mild improvement in her condition.   Tr. 580, 588.   Moreover, the records consistently showed that Plaintiff's condition continued to show mild to moderate improvement.   Tr. 293, 347, 356-59, 445-47.   The ALJ's finding of mild limitations in concentration, persistent or pace and social functioning is consistent with the evidence of record.   Tr. 15.   Additionally, as noted by the ALJ, the records show treatment for medication management only.   Tr. 15.

Plaintiff has failed to provide any additional evidence to support her position that her limitations are more severe and affect her ability to perform basic work. "The claimant is responsible for providing medical evidence demonstrating an impairment and how severe the impairment is during the relevant time period."

*Castle v. Colvin*, 557 Fed. App'x 849, 852 (11th Cir. 2014) (citing 20 C.F.R. § 404.1512(c)); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("[T]he claimant bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence in support of his claim.").

Accordingly, the Court finds that based on the evidence of record, the ALJ did not substitute his opinions for that of the medical experts, and he properly discounted the opinions of Dr. Willens and Dr. Samwel.   Moreover, the ALJ clearly articulated his reasons for the weight given to the consultants.   The decision of the ALJ is supported by substantial evidence.

> ### B. Whether the ALJ erred when he applied the Grids to determine that Plaintiff could perform work that exists in significant numbers in the national economy

The ALJ determined that the Grids support a finding that Plaintiff was not disabled.  Tr. 18.   The ALJ found that, considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.   *Id.*   Plaintiff argues that had the ALJ found that Plaintiff had moderate limitations in social functioning and in concentration, it would have resulted in a finding that Plaintiff has both exertional and nonexertional limitations[1] and triggered the need to utilize a vocational expert at the hearing. Doc. 20 at 9.   The Commissioner responds that based on Plaintiff's vocational profile,

---

[1] "In the disability programs, a nonexertional impairment is one which is medically determinable and causes a nonexertional limitation of function or an environmental restriction.   Nonexertional impairments may or may not significantly narrow the range of work a person can do."   SSR 83-14, 1983 WL 31254 at *1 (S.S.A. 1983).   Non-exertional limitations affect a claimant's ability to meet the demands of jobs, other than strength demands.   20 C.F.R. § 404.1569a(c).

the ALJ properly relied upon grid rules § 202.14 to determine that Plaintiff is not disabled.   Doc. 21 at 7-8.   Because the ALJ found that Plaintiff's mental impairments cause no more than minimal limitation in Plaintiff's ability to perform basic mental work (Tr. 14-16) and substantial evidence supports this finding, the Court concludes that the ALJ properly relied upon the grids in determining that Plaintiff was not disabled.

In a disability determination, once a claimant proves that he can no longer perform his past relevant work, "the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).   One way for the Commissioner to carry this burden is through an application of the Medical-Vocational Guidelines, also known as the "grids."   *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2.   When a claimant cannot perform substantially all of the exertional demands of a given work level and/or has non-exertional limitations, the grids are used as a framework for decision making unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or non-exertional limitations.   *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996).

"'[E]xclusive reliance on the grids is not appropriate either when [the] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills.'" *Phillips v. Barnhart,* 357 F.3d 1232, 1242 (11th Cir. 2004) (quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)).   "It is only when the claimant can

clearly do unlimited types of light work that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989); *See also Phillips*, 357 F.3d at 1242.   Accordingly, "[w]hen a claimant cannot perform a full range of work at a given level of exertion or has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating that a claimant can perform other jobs is through the testimony of a VE."   *Smith*, 272 Fed. App'x. at 799-800 (citing *Jones*, 190 F.3d at 1229).   If non-exertional impairments are minor or are found to be not credible, however, exclusive reliance on the grids is appropriate.   *Heatly v. Comm'r of Soc. Sec.*, 382 Fed. App'x. 823, 826 (11th Cir. 2010).

Here, the ALJ specifically found that "[Plaintiff] has the residual functional capacity to perform the full range of unskilled light work as defined in 20 CFR 404.1567(b)."   Tr. 16.   The ALJ determined that "[Plaintiff's] medically determinable mental impairments of major depressive disorder, a generalized anxiety disorder, a panic disorder without agoraphobia, and history of alcohol dependence in full sustained remission [do] not cause more than minimal limitation in the [Plaintiff's] ability to perform basic mental work activities and [are] therefore nonsevere."   Tr. 14.   The ALJ further opined that because Plaintiff's mental impairments cause no more than "mild" limitation in the first three functional areas and no limitation in the fourth area, the impairments are nonsevere and Plaintiff can perform the mental requirements of at least unskilled work.   Tr. 15-16.   Because the ALJ found that Plaintiff could perform a full range of unskilled work, the ALJ

was entitled to rely upon the grids to determine that there were a significant number of jobs in the national economy that Plaintiff could perform. *Clifton v. Astrue*, 298 Fed. App'x 855, 856 (11th Cir. 2008) (ALJ properly relied on grids where claimant's mental limitations did not preclude full range of light work); *Perry v. Astrue*, 280 Fed. App'x 887, 894, 896 (11th Cir. 2008) (VE testimony was not required where ALJ determined that plaintiff did not have nonexertional impairments that significantly limited his ability work, and substantial evidence supported the ALJ's decision); *Werner v. Comm'r of Soc. Sec.*, 421 Fed. App'x 935, 939 (11th Cir. 2011) (ALJ's determination that plaintiffs nonexertional impairments did not significantly limit plaintiff's ability to work supported by substantial evidence, and ALJ therefore was free to rely on grids rather than VE); *Johnson v. Barnhart*, No. 02-16464, 2003 WL 22595220, at *6 (11th Cir. 2003) (ALJ could rely on grids and was not required to consult VE where the plaintiff's nonexertional limitations did not preclude wide range of sedentary work).   Accordingly, the Court finds that the ALJ properly relied upon the grids in determining that Plaintiff was not disabled.

## V.   Conclusion

Upon review of the record, the undersigned concludes that the ALJ applied the proper legal standards, and his determination that Plaintiff is not disabled is supported by substantial evidence.   Where, as here, the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the preponderance of the

evidence is against the Commissioner's decision.   *Edwards*, 937 F.2d at 584 n.3;

*Barnes*, 932 F.2d at 1358.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     The decision of the Commissioner is **AFFIRMED**.

2.     The Clerk of Court is directed to enter judgment pursuant to sentence

four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of March, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record